## JAMES MOORE v. HIS CREDITORS.

PETITIONER in insolvency must deliver to the Court "the books he may have kept;" not merely such books as he may own on the day of filing his petition; or his petition, in the absence of a sufficient excuse, may be dismissed. And the fact that he had sold his books a short time before filing his petition will not excuse him from such delivery. The books are essential to a complete surrender and transfer of his effects to the assignee.

Where opposition was made to the discharge of petitioner on the ground of fraud, and the petitioner was examined before a referee, and on the coming in of his report and the cause coming on for final hearing, the opposing creditors moved to dismiss the petition because petitioner had not delivered up his books, he having sold them within a month prior to his application, and the motion was granted: *Held*, that, inasmuch as the omission to deliver the books had not been specified or objected to as a ground of opposition, and as no call or order had been made upon petitioner to deliver his books, his petition ought not to have been dismissed until an order had first been made that he deliver them within such time as the Court deemed reasonable.

APPEAL from the County Court of Placer.

For facts see opinion.    Plaintiff appeals.

*Tuttle & Hillyer*, for Appellant.

*Higgins & Higgins*, for Respondents.

NORTON, J. delivered the opinion of the Court—FIELD, C. J. concurring.

Appeal from an order dismissing the application of the petitioner for his discharge under the Insolvent Law.

An opposition on the ground of fraud was filed by certain of the petitioner's creditors, which was answered, and the petitioner examined before a referee. Upon the coming in of the report of the referee, and the case coming on to be heard, the creditors moved that the petition be dismissed because the petitioner had not delivered his books to the Court as required by the seventh section of the Act, which motion was granted, and from the order made thereon this appeal is taken. By way of excuse for not having delivered his books, the petitioner proved that he had sold them on the sixteenth day of January, being less than a month before he filed his petition, which was on the thirteenth day of February. The fact that he did not own the books on the day he filed his petition, is no excuse for not complying with the statute. The language is not that he must deliver such books as he may then have, but " the books he may have kept." It would remove an important safeguard against fraud, provided by the Act, if the petitioner could absolve himself from the obligation of delivering his commercial books to the Court by selling them a few days before he files his petition. The books are also essential to a complete surrender and transfer of his effects to the assignees. This omission to deliver the books is not, however, specified or objected to in the opposition filed by the creditors, nor does it appear that any call or order upon the petitioner to deliver them had been made, and we think when the case came on for a final hearing, and this objection was then for the first time raised, his petition should not have been immediately dismissed, but that he should have been ordered to deliver them within such time as the . Court deemed reasonable.

Order reversed and cause remanded for further proceedings.